HENRY F. JOHNSON ET AL. v. JOHN ROSE AND ELIZABETH JOHNSON.

*Undue influence—Grantor's competency—Costs.*

Undue influence is not necessarily to be presumed from the fact that a man, when in a dying condition, made a deed of land to be immediately transferred to a woman who had been regularly married to him and had lived-with him for many years as his wife, and who, unless provided for by him, would have been left without proper support.

A decree dividing costs between the parties was not disturbed on affirmance where the prevailing party did not also appeal.

Appeal from Van Buren. (Mills, J.) April 11.—April 18.

BILL to set aside deeds, etc. Complainants appeal. Affirmed.

*Crane & Breck* for complainants.

*Annable & Fitch* for defendants.

CAMPBELL, J. This bill was filed by the heirs-at-law of Foster Johnson, who died April 14, 1881, to set aside a conveyance made by him in his last sickness to defendant Rose, who conveyed the property at once to Elizabeth Johnson, the other defendant, who had been living with the deceased for sixteen years as his regularly married wife, but upon the validity of whose marriage some question is raised.

The bill is based upon the claim that Rose and Mrs. Johnson conspired to defraud deceased by taking advantage of his being demented and incompetent to do business, or to know what he was about.

A large part of the testimony is devoted to an attempt to show that for some years he had been incompetent to do business from failing powers. This fact is not established. We think there is no doubt he had labored under no such failure of intellect.

There is no doubt, however, that at the time he executed the deed in question he was very sick, and so weak that designing persons might have overreached him. But the testimony, while conflicting, does not impress us with the belief that he did not possess capacity enough to make the disposition that was made. We are also satisfied that the directions to make the deed which he signed came directly from himself, and that the deed contained his expressed wishes, and was signed consciously and without any fraud or improper contrivance. It was undoubtedly designed to provide for his wife, in case she could, as was probable, get no adequate support otherwise. His children were not her children, and there was every reason to expect she would need separate and independent support. Whether she was in law his wife or not, she had been treated as such from the beginning, after a regular marriage, and we do not think the performance of a moral duty in her favor indicates weakness or fraud. There is not, as we think, any proof of undue contrivance or misconduct on her part or on that of the other persons concerned in the transaction.

It would serve no good purpose to discuss these family matters, or the merits of the various witnesses. We are satisfied from the whole case that the deed is valid and should be sustained.

The court below divided the costs—regarding both parties as responsible for prolixity in the testimony. We do not feel called on to change this decree. Defendants have not appealed, and the appeal seems to have been honestly taken.

The decree will be affirmed as it stands, with the **ordinary** costs of this Court.

The other Justices concurred.